IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Katherine Frink-Hamlett, *Individual and as Administrator of the Estate of Timothy Akil Hamlett, (deceased), PRO SE, 1033 Wilson Avenue, Teaneck, NJ 07666 Estate of* Timothy Akil Hamlett, | ) ) ) ) ) ) | C/A No. 1:17-1409-JMC-PJG |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| Doris B. Hammond, *Counselor PhD, LPC, 920 Houndslake Drive, Aiken, South Carolina 29803*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Katherine Frink-Hamlett, proceeding *pro se*, brings this action alleging state law tort claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order issued July 31, 2017, Plaintiff was provided an opportunity to submit the documents necessary to bring the case into proper form for service of process. (ECF No. 4.) Plaintiff was warned that failure to provide the necessary information within a specific time period would subject the case to dismissal. Plaintiff did not respond to the Order and the time for response has lapsed. Plaintiff has failed to prosecute this case and has failed to comply with an order of this Court. Therefore, Plaintiff's case should be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. See Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989).

_____
August 30, 2017                    Paige J. Gossett
Columbia, South Carolina           UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).